UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN L. WOODS,

        Petitioner,

v.

        Case No. 20-cv-662-pp

UNITED STATES MARSHAL ANNA RUZINSKI,

        Respondent.

---

**ORDER CONSTRUING LETTER AS MOTION TO SUBSTITUTE RESPONDENT AND GRANTING MOTION (DKT. NO. 26), GRANTING IN PART RESPONDENT PAUL KEMPER'S MOTION TO DISMISS (DKT. NO. 15), GRANTING PETITIONER'S MOTION TO RESTRICT (DKT. NO. 24) AND GRANTING MOTION TO SET BRIEFING SCHEDULE (DKT. NO. 30)**

---

On April 27, 2020, the petitioner, who is incarcerated at Racine Correctional Institution and was, at that time, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee, dkt. no. 3, and a motion asking the court to appoint him a lawyer, dkt. no. 5. The court denied those motions. Dkt. No. 9. On April 1, 2021, the court issued an order screening the petition, allowing the petitioner to proceed, requiring respondent Warden Paul Kemper to answer or otherwise respond to the petition and setting a briefing schedule. Dkt. No. 12.

A week later, the court received from Kemper a motion asking the court to dismiss him as the respondent. Dkt. No. 15. A few days later, the court received from the petitioner a second motion to appoint counsel. Dkt. No. 17.

1

On April 29, 2021, the court granted the petitioner's second motion to appoint counsel, ordered Federal Defender Services of Wisconsin to appoint an attorney to represent the petitioner, suspended the petitioner's deadline to respond to the respondent's motion to dismiss and ordered the petitioner's counsel to file a status report within twenty-one days of appointment. Dkt. No. 18. A month later, Attorney Anderson Gansner appeared on the petitioner's behalf. Dkt. No. 20. On September 23, 2021, the petitioner, by Attorney Gansner, filed an amended *habeas* petition, dkt. no. 25, and a motion to restrict an attachment to the amended petition, dkt. no. 24. On October 8, 2021, Attorney Gansner filed a letter asking the court to dismiss Warden Kemper from the case and to substitute United States Marshal Anna Ruzinski as respondent. Dkt. No. 26. The United States Attorney's Office filed a letter indicating that it agreed that the appropriate respondent was U.S. Marshal Ruzinski. Dkt. No. 27.

On January 14, 2022, Attorney Gansner filed another notice of appearance (likely assuming, given how much time had passed, that the court had not noticed the first one). Dkt. No. 29. He also asked the court to set a briefing schedule. Dkt. No. 30. He explained that the matter was time-sensitive—that the petitioner's state sentence would expire in September 2022 and that, if no action had been taken by that time, the petitioner would be transferred to federal custody to serve the sentence the petitioner challenges by means of this petition. Id. at 1-2.

This order construes Attorney Gansner's October 8, 2021 letter as a motion to substitute the respondent, grants the motion, directs the clerk's

office to update the docket, grants the petitioner's motion to restrict, grants Warden Kemper's motion to dismiss him as respondent and grants the petitioner's request to set a briefing schedule.

    A.    <u>Motion to Dismiss Paul Kemper as the Respondent (Dkt. No. 15) and Petitioner's Motion to Substitute Respondent (Dkt. No. 26)</u>

When the plaintiff filed his petition, he named as the respondent the warden of the state prison in which he was housed, Paul Kemper. Dkt. No. 1. After Warden Kemper was served with the petition, he filed a motion asking that the court dismiss him as respondent and substitute the United States. Dkt. No. 15. The motion explained that the petition challenged the petitioner's *federal* sentence, but that the petitioner had not yet started serving that sentence. Id.

The same day that Attorney Gansner filed his (first) notice of appearance, he filed a status report. Dkt. No. 21. The report stated that "after fully researching the applicable law and facts," Attorney Gansner planned to file an amended petition and "serve the correct entity in this matter." Id. at 1. On August 2, 2021, Attorney Gansner filed a second status report. Dkt. No. 23. That report indicated that Attorney Gansner had drafted an amended petition and had contacted the United States Attorney's Office to determine the proper respondent. Id. at 1. Seven weeks later, the petitioner (through Attorney Gansner) filed an amended *habeas* petition. Dkt. No. 25. The amended petition names United States Marshal Anna Ruzinski as the respondent. Id. at 1. The petition explains that it names "the proper respondent—the United States Marshal for the Eastern District of Wisconsin, who lodged the federal detainer

3

in [the petitioner's] case." Id. It says that "[a]lthough [the petitioner] is in state custody, this petition challenges his federal sentence, not his state sentence." Id. at 3. According to the amended petition, "[o]ther district court cases explain that a prisoner challenging a sentence that they have yet to begin serving should serve the individual who lodged a detainer against them." Id. (collecting cases). It provides that in this case, "the United States Marshals Service lodged a detainer against [the petitioner]." Id. at 4.

On October 8, 2021, Attorney Gansner filed a letter indicating that he had served the amended petition on the acting United States Attorney in this district, the United States Marshals Service and the United States Department of Justice. Dkt. No. 26 at 1. In his letter, Attorney Gansner asked the court to name United States Marshal Anna Ruzinski as the respondent in place of Warden Kemper. Id. On October 13, 2021, Assistant United States Attorney Jonathan Koenig filed a response to Attorney Gansner's letter. Dkt. No. 27. Attorney Koenig stated that the government agreed that Marshal Ruzinski was the proper respondent. Id. at 1. He noted that he had contacted Marshal Ruzinski and that he intended to appear on her behalf if the court substituted her as the respondent. Id.

Attorney Gansner is correct that the petition challenges the petitioner's *federal* sentence. Dkt. No. 1. A petition under 28 U.S.C. §2241 authorizes someone in custody under the authority of the United States to seek release. The petition indicated that the petitioner was challenging his federal conviction for being a felon in possession of a firearm under 18 U.S.C. §922(g). Dkt. No. 1

4

at 5. The petitioner asserted that the government had relied on three of his prior convictions to seek a sentencing enhancement, and he argued that the law had since changed such that one of those convictions no longer qualified as a predicate for the sentence enhancer. Id. at 10.

Because the defendant challenges a *federal* sentence (albeit one he has not yet begun to serve), the court will grant Warden Kemper's motion to dismiss him as respondent. Dkt. No. 15. It will construe Attorney Gansner's letter as a motion to substitute Marshal Ruzinski as respondent. Dkt. No. 26. The court will grant that motion and direct the clerk to substitute United States Marshal Anna Ruzinski as respondent in place of Paul Kemper. Because Marshal Ruzinski stands ready to answer or otherwise respond, the court will enter a new briefing schedule.

In his brief in support of the motion to dismiss, Kemper quoted Talbott v. Indiana, 226 F.3d 866, 870 (7th Cir. 2000), in which the court indicated that a petitioner objecting to the length of his federal sentence must file a petition under 28 U.S.C. §2255. Dkt. No. 16 at 6-7. Kemper argued that the court should substitute the United States as the respondent, serve the petition on the United States Attorney "and construe the action as one brought under § 2255." Id. at 7 (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000)). The brief concluded by asking the court to do those three things. Id. at 8.

To the extent that Kemper's brief asks the court to construe the petition as a motion to vacate, set aside or correct the sentence under §2255, the court

5

declines. The petitioner in Talbott already was serving a federal sentence, and sought to challenge under 28 U.S.C. §2254 one of the predicate state-court convictions that resulted in his enhanced sentence. Talbott, 226 F.3d at 870. The Seventh Circuit explained that "Talbott [was] mistaken in believing that he is entitled to wage a collateral attack in federal court directly against the Indiana sentence under 28 U.S.C. § 2254." Id. Pointing out that Talbott was not in custody under the state sentence, the court said, "His custody is federal, his ultimate objection is to the length of his federal sentence, and proceedings contesting that sentence must be under § 2255." Id.

Here, the petitioner has not mistakenly tried to attack a federal sentence under 28 U.S.C. §2254. The memorandum of law the petitioner filed in support of the original petition asserted that he was entitled to relief under §2241 because §2255 was inadequate or ineffective to test the legality of his detention. Dkt. No. 2 at 1. In its February 26, 2021 screening order, the court recounted the petitioner's argument that the savings clause of 28 U.S.C. §2255 allowed him to bring his petition under §2241. Dkt. No. 9 at 6-7. As the court explained, the petitioner had stated that he "(1) had 'no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first post conviction motion,' (2) 'the change was made retroactive by the supreme court,' and (3) 'the change eludes permission for successive post conviction motions.'" Id. (citing Dkt. No. 2 at 1-3). The court noted how "[t]ypically, a federal prisoner challenges his federal sentence by filing a motion under 28 U.S.C. §2255 in the district of

6

conviction," and how §2255 "gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. Id. at 11-12 (quoting Suggs v. U.S., 705 F.3d 279, 281-82 (7th Cir. 2013)).

The court observed, however, that there is "an exception to the rule that a petitioner may file only one challenge to his conviction—28 U.S.C. §2255(e), 'better known as "the savings clause."'" Id. at 13 (quoting Bourgeois v. Watson. No. 20-1891, 2020 WL 5905326, at *8 (7th Cir. Oct. 6, 2020). The court found that a petitioner who qualified for this "narrow pathway" to relief could file a petition under 28 U.S.C. §2241, the general *habeas corpus* statute, in the district of incarceration. Id. (citing Bourgeois, 2020 WL 5905326 at *8). It concluded that the savings clause allows a federal prisoner who has filed a previous §2255 motion to file a *habeas* petition under §2241 if §2255 is "inadequate or ineffective to test the legality of his detention." Id. at 13-14 (citing Bourgeois, 2020 WL 5905326 at *4; 28 U.S.C. §2255(e)).

The petitioner since has filed an amended *habeas* petition, again arguing that he is entitled to relief under §2241 because §2255 is inadequate or ineffective to test the legality of his detention. Dkt. No. 25 at 6. The court will not recharacterize the petitioner's amended *habeas* petition as a motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255.

B.      Petitioner's Motion to Restrict (Dkt. No. 25-1)

Attorney Gansner attached to the amended petition a redacted presentence report. Dkt. No. 25-1. The same day, Attorney Gansner filed a motion to restrict that document. Dkt. No. 24. Citing Civil Local Rule 79(d)

(E.D. Wis.), the motion stated that the amended petition "contains confidential information regarding [the petitioner]." Dkt. No. 24. This court's General Local Rule 79(d)(3) states:

> Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the documents or materials sought to be restricted/sealed have been designated confidential by someone other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials. In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials. Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court.

Beyond stating that it contains confidential information, Attorney Gansner's letter did not state a factual basis for this court to seal. But because presentence reports are confidential, see Criminal Local Rule 32, the court will grant the motion.

        C.      <u>Motion to Set Briefing Schedule (Dkt. No. 30)</u>

Attorney Gansner has asked the court to set a briefing schedule. Dkt. No. 30. He explains that time is of the essence—he indicates that the petitioner's state sentence will expire on September 28, 2022 and that if this court does not address the challenge to the federal sentence by that time, "[the petitioner] will be moved into federal custody and will begin serving his (erroneous) [armed career criminal] revocation sentence." Id. at 2.

The court will grant this motion, and has set a briefing schedule below.

8

D.  Conclusion

The court **CONSTRUES** Attorney Gansner's October 8, 2021 letter as a motion to substitute Marshal Ruzinski as respondent and **GRANTS** the motion. Dkt. No. 26.

The court **DIRECTS** the clerk's office to substitute United States Marshal Anna Ruzinski for Warden Paul Kemper as the respondent.

The court **GRANTS** the petitioner's motion to restrict. Dkt. No. 24. The court **ORDERS** that the clerk's office must **RESTRICT** to viewing by the court and the parties only the document at Dkt. No. 25-1.

To the extent that it seeks to dismiss Warden Paul Kemper as respondent, the court **GRANTS** Paul Kemper's motion to dismiss. Dkt. No. 15.

To the extent that it asks the court to construe the original petition as a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, the court **DENIES** Paul Kemper's motion. Dkt. No. 15.

The court **GRANTS** the petitioner's motion to set a briefing schedule. Dkt. No. 30.

The court **ORDERS** that by the end of the day on **April 29, 2022**, the respondent must answer or otherwise respond to the amended, complying with Rule 5 of the Rules Governing Section 2254 Cases and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

If the respondent files an answer:

(1) the petitioner has forty-five days after the respondent answers or otherwise responds to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition; and

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f) (E.D. Wis.), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages—not counting any

10

statements of fact, exhibits and affidavits. The court requires the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 28th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**